# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MILTON HERD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIV 16-443-RAW-SPS |
| JOE M. ALLBAUGH, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff, a prisoner seeking to bring a civil action, has filed a civil rights complaint (Dkt. 1) and an Affidavit *In Forma Pauperis* (Dkt. 2 at 2), which the Court construes as a motion for leave to proceed *in forma pauperis*. For the reasons set forth below, the Court finds the complaint must be dismissed, and Plaintiff may file a petition for a writ of habeas corpus to pursue his claims.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555. "So, when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. *Twombly* articulated the pleading standard for all civil

actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff has sued Joe M. Allbaugh, Director of the Oklahoma Department of Corrections (DOC), alleging Mr. Allbaugh oversees all DOC operations. (Dkt. 1 at 1). Plaintiff asserts he has been discriminated against "[d]ue to the actions committed by DOC personel [sic]," because he is not allowed to earn *Ekstrand*[1] credits by working at Oklahoma Correctional Industries (OCI). *Id.* at 2. He claims the discrimination arises from the wrong interpretation of Okla. Stat. tit. 57, § 216, which is a section of the Prisoners Public Works Act. *Id.* Plaintiff requests relief in the form of monetary damages, additional earned credits, and release from custody. *Id.* at 28.

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). *See also Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Plaintiff, therefore, may present his claims in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

To the extent Plaintiff seeks compensatory damages for his alleged unconstitutional

---

[1]*Ekstrand v. State*, 791 P.2d 92 (Okla. Crim. App. 1990), *abrogated on other grounds by Waldon v. Evans*, 861 P.2d 311 (Okla. Crim. App. 1993).

incarceration, he first must prove his "sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487 (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his . . . sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the . . . sentence has already been invalidated." *Id*. Because Plaintiff has not presented evidence that his sentence has been so invalidated, the Court finds his claim for damages is not cognizable under § 1983.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A, for failure to state a claim under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 2) is DENIED as moot. The Court Clerk is directed to send Plaintiff the forms for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED** this 25th day of October 2016.

**Dated this 25th day of October, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma